# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SICKLES,<br>Plaintiff | : | No. 3:15-CV-2419 |
| v. | : | (Judge Nealon) |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>Defendant | : | (Magistrate Judge Cohn) |

FILED
SCRANTON
MAR 17 2017
PER_____ DEPUTY CLERK

## **MEMORANDUM**

### **Background**

On December 16, 2015, Plaintiff, Michael Sickles, filed this instant appeal[1] under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI")[2] under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1461 et seq. and 42 U.S.C. § 1381 et seq., respectively. (Doc. 1). On February 16, 2016, Defendant filed an Answer and Transcript. (Docs. 5 and 6). On April 1, 2016, Plaintiff filed a brief in support. (Doc. 7). On May 4, 2016, Defendant filed a brief in

---

[1] Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

[2] Supplemental security income is a needs-based program, and eligibility is not limited based on an applicant's date last insured.

opposition. (Doc. 8). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Gerald B. Cohn on February 22, 2017, recommending that the appeal be denied, the decision of the Commissioner be affirmed, and that Clerk of Court close the matter. (Doc. 12). Objections were due by March 8, 2017, but were not filed by either party. Having reviewed the reasoning of the Magistrate Judge for clear error in the absence of objections and finding none, the R&R will be adopted, the appeal will be denied, the decision of the Commissioner will be affirmed, and the Clerk of Court will be directed to close this matter.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may

properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which is herein adopted. (Doc. 12, pp. 14-16). The Magistrate Judge also thoroughly reviews the medical records and the ALJ's decision, also herein adopted. (Id. at pp. 2-13). Magistrate Judge Cohn then addresses Plaintiff's assertion that the ALJ's RFC determination was not supported by substantial evidence because the ALJ did "'not seem to draw the appropriate distinction between gross manipulation . . . associated more closely with light work, and fine manipulation,' arguing that '[g]ross manipulation associated with handling is logically linked with reaching, and therefore a limitation on reaching would lead to a limitation on handling.'" (Id. at 17). Plaintiff asserts that the RFC is also inconsistent with Social Security Regulation

3

("SSR") 83-14 and SSR 83-15. (Id.). Ultimately, Magistrate Judge Cohn determines that the ALJ's RFC determination is supported by substantial evidence, stating as follows:

> In this case, the ALJ's consideration of Plaintiff's conservative treatment is a proper ground for finding Plaintiff's allegations less credible. See [SSR] 96-7p ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . . and there are no good reasons for this failure)." The ALJ appropriately addressed Plaintiff's lack of medical insurance, observing:
>
>> [Plaintiff] also stated that he did not have health insurance and it was ninety-five dollars for a follow-up visit. The undersigned questioned [Plaintiff] at both hearings as to whether he had applied for a medical access card and the claimant gave multiple inconsistent reasons for not doing so. In the initial hearing, he testified he did not apply because he was afraid of getting denied. In the second hearing, he testified that he "really tr[ies] not to use the system much," and wanted to use his heritage's way of healing. However, he admitted that "there [were] other people in worse shape than [him] that can use that."
>
> (Tr. 275). Substantial evidence supports the ALJ's allocation of weight between the opinions of Dr. Muthiah and Dr. Willner given the totality of Plaintiff's treatment history which included stopping treatment on September 20, 2010, for his allegedly disabling impairment. (Tr. 238). Although Dr. Willner's May 2015 opinion indicated that Plaintiff could never perform any form of reaching, such is undermined by Dr. Willner's opinion that Plaintiff could still prepare meals, climb a few stairs with the use of a rail, care for personal hygiene, and sort, handle and use files. (Tr. 427-32). Dr. Willner observed that Plaintiff needed no help changing for the examination or getting on and

4

off the examination table, was able to rise from a chair without difficulty, that Plaintiff's strength was 4/5 in both proximal and distal muscles and demonstrated no muscle atrophy in the upper extremities. (Tr. 425). Dr. Willner observed that Plaintiff had no sensory abnormality and demonstrated equal physiologic reflexes in the upper extremities. (Tr. 425). In a range of motion chart of the shoulders, Dr. Willner indicated that Plaintiff had bilateral forward elevation of 20 degrees out of 150 degrees and full range of motion for the elbows, which supports the forward reaching ability in the ALJ's RFC determination. See (Tr. 433-36). Substantial evidence supports the ALJ reliance on Dr. Muthiah evaluation which opined that Plaintiff, who is right-handed, had no postural limitations and had only "some" reaching and handling limitation in the right upper extremity. (Tr. 224-25). Substantial evidence supports the ALJ's conclusion that Plaintiff had an RFC that included a limitation from bilateral overhead reaching, yet still allowed for other reaching, up to frequent gross manipulation, and no restrictions regarding fine motor skills.

Moreover, the ALJ solicited testimony from the vocational expert as to whether a person who was capable light work and could perform work available in significant numbers in the national economy with aforementioned limitations. (Tr. 302); see Mann v. Comm'r Soc. Sec. Admin., 638 F. App'x 123, 126 (3d Cir. 2016); Plummer v. Apfel, 186 F.3d 422, 431 (3d Cir. 1999). A vocational expert ("VE") testified that individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as product assembler (DICOT#: 706.684-022), order filler (DOT#: 222.487-014), and machine tender (DOT #: 692.685-062). (Tr. 277-78).

The Court finds that based on the above discussion, substantial evidence supports the ALJ's RFC determination. The ALJ reviewed all of the relevant evidence and provided a clear explanation of the reasons for his determination and ALJ's RFC was supported by medical evidence and sufficiently addressed Plaintiff's limitations. See Jones v. Barnhart, 364

5

>F.3d 501, 505 (3d Cir. 2004); Fargnoli, 247 F.3d at 41 (3d Cir. 2001).

(Doc. 12, pp. 19-22).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Cohn's R&R will be adopted. As such, Plaintiff's appeal will be denied, the decision of the Commissioner will be affirmed, and the Clerk of Court will be directed to close this matter.

A separate Order will be issued.

**Date:** March 13, 2017

                                        **/s/ William J. Nealon**
                                        **United States District Judge**